PATTERSON *v*. THE MAYOR AND COUNCIL OF BUTLER.

A school-building was erected in a town from subscriptions of citizens and of the municipal government. The legislature authorized that municipal government to levy and collect taxes to establish and maintain schools in the town, to employ teachers and fix their salaries, and to make rules for the government of such schools. The tax was not imposed, a sufficient fund for the purpose being raised from liquor licenses, until that source of revenue was de-

stroyed by the adoption of a prohibitory law. The municipal government employed a teacher for one year, and at the end of that term decided not to retain him further; but the citizens who had subscribed to the erection of the school-building held a meeting and determined that this teacher should be retained; although, if the building belonged jointly to them and the municipal government, the latter owned a majority interest. *Held:*

An injunction at the instance of the municipal government, restraining the teacher from taking possession of the building, was not an abuse of discretion.

November 6, 1889.

Schools. Municipal corporations. Injunction. Before Judge SMITH. Taylor county. At chambers, July 22, 1889.

Reported in the decision.

W. S. WALLACE and J. D. RUSS, for plaintiff in error.

THORNTON & CAMERON, W. P. EDWARDS and G. J. WILLIS, by brief, *contra.*

BLANDFORD, Justice.

It appears from the record that a certain school-building was erected in the town of Butler, from subscriptions raised among the citizens of the town, as well as money subscribed by the mayor and council. The legislature, in 1881, passed an act " to authorize the mayor and council of the town of Butler to levy and collect taxes for the purpose of establishing and maintaining schools in said town" (Acts 1880–1, p. 418); and a tax of one per cent. on the property of the people of the town was authorized by the act. No such tax, however, was ever imposed, but the money for this purpose was raised from liquor licenses, until prohibition came and the revenue from that source ceased. The act further provided that the mayor and council should have " full power and authority to employ teachers for said schools, fix their salaries, and make rules for the government of said schools." Patterson, the plaintiff in error, was employed by the mayor and council for one year to teach in the school, and did so, but at the end

of his term of employment, they decided that they would not further retain him. The citizens who had subscribed to the erection of the school-building thereupon held a meeting, and determined that Patterson should be retained in his position as teacher in said school, although a majority interest in the building, if there was any joint interest, was held by the mayor and council, the latter having paid the greater portion of the money expended in the erection of the building. The mayor and council then brought this bill to enjoin Patterson from taking possession of the school-building; and the judge of the superior court, exercising his power as chancellor, granted the injunction; and that is the error complained of.

We are of the opinion that under the act of 1881, above cited, it was not in the power of the citizens to oust the mayor and council in this manner. The only way in which they can be ousted, in our opinion, would be by the judgment of a court of competent jurisdiction, upon a proper proceeding instituted for that purpose. The act, as already stated, conferred upon the mayor and council the power to employ teachers, fix their salaries and make rules for the government of the school; and under it, they had the right to employ the plaintiff in error or not, as they might see proper.

Whether the school-building belongs in part to the mayor and council and in part to the citizens who subscribed to its erection; and whether the mayor and council could be compelled, by a proper proceeding, to levy the tax authorized by the act of 1881, are questions which we do not decide. It may be that this building was dedicated to the public, and that those of the citizens who subscribed have no more interest in it than those who did not; but all that we now hold is that the judge of the superior court had the power to award this writ of injunction, and having done so, has not abused his discretion.          *Judgment affirmed.*